BETSEY C. MONK *vs.* WILLIAM CAPEN.

An estate of homestead, under *St.* 1855, *c.* 238, exists for the benefit of the widow of a householder, although he owed no debts at the time of his death, and although she has received an assignment of dower, and an allowance by the judge of probate out of his personal estate.

PETITION by the widow of Samuel Monk to the judge of probate for an order to set off to her an estate of homestead in the real estate left by her late husband. The judge of probate granted the petition, and an appeal was taken to this court.

The following facts were agreed: Samuel Monk died in 1859, owing no debts, and leaving the petitioner, his widow, to whom he had been married for twenty-five years, a son by a former wife, and both real and personal estate. A portion of the real estate was owned and occupied by him as a homestead before the passage of *St.* 1855, *c.* 238, and until his death. Dower was assigned to the petitioner, and she received an allowance from her husband's personal estate, by order of the judge of probate. In December 1859, after the death of Samuel Monk, William Capen attached all the real estate left by Samuel Monk as the property of the son, and afterwards had the same, subject to the dower of the petitioner, set off to him on the execution.

Upon these facts, the case was reserved by *Hoar,* J. for the determination of the whole court.

*J. E. Carpenter*, ( *W. W. Cowell* with him,) for the petitioner
*W. Brigham*, for the respondent.

DEWEY, J. A homestead estate was, by force of *St.* 1855,
*c.* 238, created in the real estate of Samuel Monk. That estate
was, by the terms of that statute, " to continue after the death
of such householder, for the benefit of the widow and children
of the deceased party, some one of them continuing to occupy
such homestead, until the youngest child be twenty-one years
of age, and until the death of the widow." That a homestead,
with all the privileges attached to such an estate, existed during
the life of Samuel Monk, is not questioned. But the position
taken by the respondent is, that such homestead right was a mere
extension of the existing statutes exempting property from levy
and sale on execution ; that such exemption terminated with the
life of the husband, and, when there were no outstanding debts
at the time of the decease of the husband, such homestead
estate terminated, and the real estate was vested in the heirs
subject only to the right of dower in the widow.

This position is directly at variance with the provisions of
the statutes creating the homestead estate. Its existence is not
made dependent upon the fact of the possessor being a man
of wealth or poverty, of his having more or less acres, or many
or no creditors. The legislature have seen fit to fix upon all
estates owned and occupied as a residence on May 27th 1855,
without any act of the owners, and since the passage of *St.*
1857, *c.* 298, have authorized the owners thereof, by a notice on
record, to create, a homestead right entirely independent and irre-
spective of all rights of subsequent creditors, and all rights of
heirs, under the statutes regulating the descent of intestate es-
tates.

This homestead does not terminate at the death of the hus-
band, but enures to the benefit of the widow during her life,
by *St.* 1855, *c.* 238, and by *St.* 1857, *c.* 298, during her widow-
hood ; and for the children, until the youngest shall arrive at
the age of twenty-one years. It was competent for the legis-
lature to provide that the claim of dower by the widow should
operate as a bar to her further right of a homestead ; but they

have not done so, and, under the existing statutes, we perceive no ground for sustaining the doctrine that such is the effect of enforcing her right of dower, or of her having received an allowance from the personal property by the judge of probate, or a distributive share in the personal assets, in the disposition of the.estate in the hands of the administrator.

The effect of the homestead acts of 1855, *c.* 238, and 1857, *c.* 298, is to give to the widow an estate additional to her other rights in the real and personal property of her deceased husband.

This petition was therefore properly granted by the judge of probate, under the provisions of *St.* 1857, *c.* 298, § 14.

*Decree of judge of probate affirmed.**

---

\* A similar decision was made in Bristol County, October Term 1862, in the case of
ELIZA B. DWELLY *v.* STEPHEN B. GIFFORD & another.

*J. C. Blaisdell,* for the petitioner.
*W. C. Greene,* for the respondents.